**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| David Campbell, Administrator of the<br>Estate of Kevin Campbell<br>*Estate Pending*<br>1500 JFK Blvd., Suite 620<br>Philadelphia, PA 19102, | : | **CIVIL ACTION** |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | **No.** _____ |
| Plaintiff, | : | |
| | : | **TRIAL BY JURY DEMANDED** |
| v. | : | |
| | : | |
| Gina Clark, Superintendent of SCI Chester, in her<br>individual capacity<br>500 E. 4th Street<br>Chester, PA 19013 | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Wellpath LLC<br>500 E. 4th Street<br>Chester, PA 19013 | : | |
| | : | |
| | : | |
| | : | |
| John Doe Corrections Officer<br>500 E. 4th Street<br>Chester, PA 19013 | : | |
| | : | |
| | : | |
| | : | |
| John Doe Medical Provider<br>500 E. 4th Street<br>Chester, PA 19013, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

Plaintiff, David Campbell, Administrator of the Estate of Kevin Campbell, deceased, by and through his attorney, Brian J. Zeiger, Esquire, hereby alleges the following:

**<u>JURISDICTION & VENUE</u>**

1. This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) and (a)(4) (civil rights).

3. This Court has supplemental jurisdiction over Plaintiff's related state-law claims, including the claims under Pennsylvania's Wrongful Death Act and Survival Act, pursuant to 28 U.S.C. § 1367(a), because those claims arise from the same case or controversy and contain the same nucleus of operative facts as the federal claims asserted herein.

4. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred at the State Correctional Institution at Chester ("SCI Chester"), which is located at 500 East 4th Street, Chester, Delaware County, Pennsylvania, within this judicial district, and because one or more Defendants reside within this district.

**PARTIES**

5. Plaintiff David Campbell is the *pending* Administrator of the Estate of Kevin Campbell, deceased, with a mailing address c/o Levin & Zeiger LLP, 1500 JFK Boulevard, Suite 620, Philadelphia, PA 19102. Plaintiff brings this action in his *pending* representative capacity on behalf of the Estate of Kevin Campbell.

6. Defendant Gina Clark, Superintendent of SCI Chester (the "Superintendent") was, at all times relevant to this Complaint, the Superintendent/Facility Manager of SCI Chester and the senior official responsible for the operation, administration, custody, safety, supervision, and security of SCI Chester and the inmates housed there, including Kevin Campbell. The Superintendent was responsible for promulgating, implementing, and enforcing policies, practices, customs, and training governing inmate safety, the prevention

2

of inmate-on-inmate sexual assault, the screening and classification of inmates, and the provision of medical and mental health care. The Superintendent acted at all relevant times under color of state law and is sued in her individual capacity.

7. Defendant Wellpath LLC ("Wellpath") is a private corporation that, at all times relevant to this Complaint, contracted with the Pennsylvania Department of Corrections to provide medical and mental health care to inmates housed at SCI Chester, located at 500 East 4th Street, Chester, PA 19013. In providing such care, Wellpath performed a function traditionally and exclusively reserved to the state and acted under color of state law.

8. Defendant John Doe Corrections Officer is an adult individual who, at all times relevant to this Complaint, was employed by the Pennsylvania Department of Corrections at SCI Chester and was responsible for the custody, supervision, monitoring, and protection of Kevin Campbell. Defendant John Doe Correction Officer acted at all relevant times under color of state law and is sued in his/her individual capacity. The true identity of this Defendant is presently unknown to Plaintiff and will be ascertained through discovery, at which time Plaintiff will seek to amend this Complaint to substitute the Defendant's true name.

9. Defendant John Doe Medical Provider is an adult individual who, at all times relevant to this Complaint, was employed by or contracted through Wellpath to provide medical and/or mental health care to inmates at SCI Chester, including Kevin Campbell. Defendant John Doe Medical Provider acted at all relevant times under color of state law and is sued in his/her individual capacity. The true identity of this Defendant is presently unknown to Plaintiff and will be ascertained through discovery, at which time Plaintiff will seek to amend this Complaint to substitute the Defendant's true name.

10. At all times relevant to this Complaint, each of the Defendants acted under color of state law and within the course and scope of their employment and/or agency.

**<u>FACTUAL BACKGROUND</u>**

11. Plaintiff re-alleges each and every averment set forth above as if the same were set forth here in full.

12. At all times relevant to this Complaint, Kevin Campbell was a convicted and sentenced inmate in the custody of the Pennsylvania Department of Corrections, housed at SCI Chester.

13. As a sentenced prisoner, Kevin Campbell was entirely dependent upon the Defendants for his personal safety and for his medical and mental health care, and he had a clearly established right under the Eighth Amendment to be protected from inmate-on-inmate sexual assault and to receive adequate medical and mental health care.

14. While housed at SCI Chester and in the custody and care of Defendants, Kevin Campbell was raped and sexually assaulted by another inmate.

15. Based upon information and belief, prior to the assault, Defendants knew or should have known that Kevin Campbell faced a substantial risk of serious harm, including a risk of sexual assault, based upon his vulnerability, prior threats, known predatory behavior of the assailant, classification and housing information, and/or prior incidents and complaints.

16. Despite knowledge of that substantial risk of serious harm, Defendant John Doe Corrections Officer and the Superintendent failed to take reasonable measures to protect Kevin Campbell, including but not limited to failing to properly classify, house, monitor, supervise, and separate inmates, and failing to follow established policies and the standards of the Prison Rape Elimination Act of 2003 ("PREA") and the regulations promulgated

4

thereunder, 28 C.F.R. Part 115, which establish the applicable standard of care for the prevention, detection, and response to prison sexual assault.

17. Defendants failed to adequately supervise and monitor the housing unit in which Kevin Campbell was confined, permitting the sexual assault to occur.

18. Following the sexual assault, Kevin Campbell suffered severe physical and psychological trauma, including but not limited to acute emotional distress, depression, post-traumatic stress, and suicidal ideation.

19. Defendants knew, or in the exercise of reasonable care should have known, that an inmate who has been sexually assaulted in custody faces a substantial and well-recognized risk of self-harm and suicide, and that Kevin Campbell in particular exhibited signs and symptoms of that risk, including reporting the assault, expressing suicidal ideation, experiencing withdrawal, and other observable indicators.

20. Despite knowledge of Kevin Campbell's serious medical and mental health needs and the substantial risk that he would harm himself, Defendants John Doe Medical Provider and Wellpath failed to provide him with adequate medical and mental health care, failed to evaluate him appropriately, failed to place him on suicide watch or appropriate observation, failed to provide protective housing, and otherwise were deliberately indifferent to his serious needs.

21. Upon information and belief, the failure to provide Kevin Campbell with adequate care was not the result of isolated decisions by individual providers, but was instead caused by Wellpath's established policies, practices, and customs, including but not limited to the following: (a) chronically understaffing SCI Chester with qualified psychiatrists, psychologists, and mental health clinicians, leaving inmates with serious mental health

needs without timely or adequate evaluation and treatment; (b) operating under a fixed fee or capitated compensation structure that created a financial incentive to minimize the cost of inmate care, including by limiting referrals to outside hospitals and to higher levels of observation and care; (c) maintaining a custom of failing to communicate inmates' suicide risk, mental health status, history, and warning signs among medical staff, corrections staff, and across shifts and housing units; (d) maintaining a custom of prematurely discontinuing suicide-watch and enhanced-observation protocols in order to free up higher-cost housing; and (e) failing to identify, evaluate, monitor, and protect inmates known to have suffered sexual assault, who face a recognized heightened risk of suicide.

22. Upon information and belief, Wellpath failed to adequately train and supervise its employees and agents at SCI Chester regarding the identification, assessment, monitoring, and treatment of inmates at risk of suicide, and regarding the heightened suicide risk faced by inmates who have been sexually assaulted in custody, despite the obvious need for such training and the foreseeable consequences of its absence.

23. Upon information and belief, these policies, practices, and customs existed before, during, and after Kevin Campbell's incarceration at SCI Chester, were known to Wellpath, and had previously resulted in inadequate care and harm to other inmates with serious mental health needs.

24. On or about August 28, 2024, as a direct and proximate result of the sexual assault and the Defendants' deliberate indifference to his safety and to his serious medical and mental health needs, Kevin Campbell took his own life while in custody at SCI Chester.

6

25. As a direct and proximate result of the Defendants' acts and omissions, Kevin Campbell suffered extreme physical pain, emotional anguish, humiliation, fear, terror, physical injuries, and death.

**COUNT I**
**FAILURE TO PROTECT – EIGHTH AMENDMENT**
**PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF v. JOHN DOE CORRECTIONS OFFICER, THE SUPERINTENDENT,**
**AND JOHN DOE MEDICAL PROVIDER**

26. Plaintiff re-alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

27. The Eighth Amendment to the United States Constitution imposes upon prison officials a duty to take reasonable measures to protect inmates from violence, including sexual assault, at the hands of other inmates.

28. Kevin Campbell was incarcerated under conditions posing a substantial risk of serious harm, namely a risk of inmate-on-inmate sexual assault.

29. Defendants knew of and disregarded an excessive risk to Kevin Campbell's health and safety; they were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and they drew that inference.

30. Defendants acted with deliberate indifference to that substantial risk of serious harm by failing to take reasonable measures available to them to protect Kevin Campbell, including failing to properly classify, house, separate, monitor, and supervise inmates, and failing to follow PREA standards and the Department of Corrections' own policies.

31. The acts and omissions of Defendants served no legitimate penological purpose.

32. As a direct and proximate result of Defendants' deliberate indifference, Kevin Campbell was sexually assaulted, suffered severe physical and psychological injuries, and ultimately

died, all in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants John Doe Corrections Officer, the Superintendent, and John Doe Medical Provider, jointly and severally, for compensatory damages in an amount in excess of one hundred fifty thousand dollars ($150,000), punitive damages, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, delay damages, interest, and such other relief as this Court deems just and proper.

**COUNT II**
**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL AND**
**MENTAL HEALTH NEEDS**
**EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF v. JOHN DOE MEDICAL PROVIDER, WELLPATH LLC,**
**AND THE SUPERINTENDENT**

33. Plaintiff re-alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

34. The Eighth Amendment to the United States Constitution prohibits prison officials and medical providers from acting with deliberate indifference to the serious medical and mental health needs of inmates.

35. Kevin Campbell had serious medical and mental health needs, including severe psychological trauma and a substantial risk of suicide arising from the sexual assault he suffered in custody, that were so obvious that a lay person would recognize the need for a doctor's or mental health professional's attention.

36. Defendants knew of and disregarded an excessive risk to Kevin Campbell's health and safety, including the substantial and well-recognized risk that he would harm himself or commit suicide.

8

37. Defendants acted with deliberate indifference to those serious needs by, among other things, failing to evaluate, treat, and monitor Kevin Campbell appropriately, failing to place him on suicide watch or appropriate observation, failing to provide protective housing, and denying or delaying necessary medical and mental health care.

38. The acts and omissions of Defendants served no legitimate penological purpose.

39. As a direct and proximate result of Defendants' deliberate indifference, Kevin Campbell suffered extreme pain, emotional anguish, and death, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants John Doe Medical Provider, Wellpath LLC, and the Superintendent, jointly and severally, for compensatory damages in an amount in excess of one hundred fifty thousand dollars ($150,000), punitive damages, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, delay damages, interest, and such other relief as this Court deems just and proper.

### COUNT III
### SUPERVISORY LIABILITY – EIGHTH AMENDMENT
### PURSUANT TO 42 U.S.C. § 1983
### PLAINTIFF v. THE SUPERINTENDENT

40. Plaintiff re-alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

41. At all relevant times, the Superintendent was personally responsible for establishing, implementing, and enforcing the policies, practices, customs, and training in effect at SCI Chester regarding inmate safety, the prevention of and response to inmate sexual assault, inmate classification and housing, suicide prevention, and the provision of medical and mental health care.

9

42. The Superintendent, with deliberate indifference to the constitutional rights of inmates, including Kevin Campbell, established and maintained policies, practices, and customs that created an unreasonable risk of constitutional injury, including the failure to protect inmates from sexual assault and the failure to identify and care for inmates at risk of suicide.

43. The Superintendent had actual or constructive knowledge that subordinates were engaged in conduct that posed a substantial risk of constitutional injury to inmates, and was deliberately indifferent to that risk, and/or directed, participated in, acquiesced in, or knowingly tolerated the unconstitutional conduct.

44. The Superintendent failed to adequately train, supervise, and discipline subordinate corrections and medical staff regarding the prevention of inmate sexual assault, the implementation of PREA standards, and suicide prevention, despite the obvious need for such training and supervision.

45. The Superintendent's acts and omissions were a direct and proximate cause of the violation of Kevin Campbell's constitutional rights and of his injuries and death.

WHEREFORE, Plaintiff demands judgment against the Superintendent for compensatory damages in an amount in excess of one hundred fifty thousand dollars ($150,000), punitive damages, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, delay damages, interest, and such other relief as this Court deems just and proper.

### COUNT IV
### LIABILITY OF PRIVATE CONTRACTOR – POLICY AND CUSTOM
### EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983
### PLAINTIFF v. WELLPATH LLC

46. Plaintiff re-alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

47. Wellpath, as a private corporation performing the traditionally exclusive state function of providing medical and mental health care to inmates at a state correctional institution, acted under color of state law and is subject to suit under 42 U.S.C. § 1983. Wellpath does not share the Commonwealth of Pennsylvania's sovereign immunity and is not an instrumentality of the Commonwealth.

48. Wellpath cannot be held vicariously liable for the acts of its employees and agents under a theory of respondeat superior; rather, like a municipality, Wellpath is liable under § 1983 where its own policies or customs cause a constitutional violation. The fact that SCI Chester is a state facility, rather than a county or municipal facility, does not alter this standard or insulate Wellpath from liability for its own policies and customs.

49. Wellpath promulgated and maintained the policies, practices, and customs set forth above, including: chronic understaffing of qualified mental health professionals; a fixed-fee or capitated compensation structure that incentivized the denial and minimization of care, referrals, and higher levels of observation; a custom of failing to communicate inmates' suicide risk, mental health status, and history among staff and across shifts and units; a custom of prematurely discontinuing suicide-watch and enhanced-observation protocols; and a failure to identify, monitor, and protect inmates known to have been sexually assaulted.

50. Wellpath failed to adequately train and supervise its employees and agents regarding the identification, assessment, monitoring, and treatment of inmates with serious mental health needs and at heightened risk of suicide, including inmates who have been sexually assaulted in custody, despite the obvious need for such training and the foreseeable consequences of its absence.

11

51. Wellpath was deliberately indifferent to the known and obvious consequences of its policies, practices, customs, and failures to train and supervise, namely that inmates such as Kevin Campbell would be deprived of constitutionally adequate medical and mental health care and would suffer serious harm and death.

52. Wellpath's policies, practices, and customs were the moving force behind, and a direct and proximate cause of, the violation of Kevin Campbell's constitutional rights and of his injuries and death. Specifically, but for Wellpath's understaffing, cost-driven denial of care, failures of communication, and premature discontinuation of protective protocols, Kevin Campbell would have been adequately evaluated, monitored, treated, and protected, and would not have taken his own life.

WHEREFORE, Plaintiff demands judgment against Defendant Wellpath LLC for compensatory damages in an amount in excess of one hundred fifty thousand dollars ($150,000), reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, delay damages, interest, and such other relief as this Court deems just and proper.

**COUNT V**
**WRONGFUL DEATH (PENNSYLVANIA LAW)**
**42 PA.C.S. § 8301**
**PLAINTIFF v. ALL DEFENDANTS**

53. Plaintiff re-alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

54. Plaintiff David Campbell, as Administrator of the Estate of Kevin Campbell, deceased, brings this action under and by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301, and the applicable Rules of Civil Procedure, on behalf of all persons entitled by law to recover thereunder.

55. As a direct and proximate result of the wrongful acts and omissions of the Defendants set forth herein, Kevin Campbell was caused to suffer grave injuries and death, giving rise to an entitlement to damages by the beneficiaries under the Wrongful Death Act.

56. Plaintiff claims on behalf of the wrongful-death beneficiaries all damages recoverable under the Wrongful Death Act, including but not limited to medical, funeral, and burial expenses, and the expenses of administration necessitated by the injuries causing Kevin Campbell's death.

57. Plaintiff further claims on behalf of the beneficiaries all pecuniary losses suffered as a result of the death, together with damages for the loss of the services, society, comfort, guidance, and companionship that the beneficiaries would have received from Kevin Campbell but for his untimely death, and all other damages permitted under the Wrongful Death Act and the decisional law interpreting it.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of one hundred fifty thousand dollars ($150,000), exclusive of interest and costs, together with such other relief as this Court deems just and proper.

**COUNT VI**
**SURVIVAL ACTION (PENNSYLVANIA LAW)**
**42 PA.C.S. § 8302**
**PLAINTIFF v. ALL DEFENDANTS**

58. Plaintiff re-alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

59. Plaintiff David Campbell, as Administrator of the Estate of Kevin Campbell, deceased, brings this Survival Action on behalf of the Estate of Kevin Campbell under and by virtue of 42 Pa.C.S. § 8302, the applicable Rules of Civil Procedure, and the decisional law interpreting the Act.

60. As a direct and proximate result of the wrongful acts and omissions of the Defendants set forth herein, Kevin Campbell was caused to suffer grave injuries and death, giving rise to an entitlement to damages by his Estate under the Survival Act.

61. On behalf of the Estate, Plaintiff claims all damages recoverable under the Survival Act, including the loss of the economic value of Kevin Campbell's life expectancy, the total amount he would reasonably have been expected to earn during his lifetime less the cost of personal maintenance, and all loss of income, earnings, and earning capacity.

62. On behalf of the Estate, Plaintiff further claims damages for the conscious pain, suffering, fear, terror, mental anguish, and physical injury endured by Kevin Campbell prior to his death, and all other damages recoverable under 42 Pa.C.S. § 8302 and the decisional law interpreting it.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of one hundred fifty thousand dollars ($150,000), exclusive of interest and costs, together with such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to each Count and each Defendant.

RESPECTFULLY SUBMITTED,


LEVIN & ZEIGER LLP

/s/ Brian J. Zeiger
Brian J. Zeiger, Esquire
Identification No. 87063

/s/ Laura Zipin
Laura Zipin, Esquire
Identification No. 324914

14

Two Penn Center
1500 JFK Blvd., Suite 620
Philadelphia, PA 19102
215.825.5183
zeiger@levinzeiger.com

Attorney for Plaintiff


Date: July 2, 2026